UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN DEWAYNE TAYLOR, JR.,

Plaintiff,

v.

JAMES HUNTER, et al.,

Defendants.

CASE NO. 2:26-CV-2497-TMC-DWC

ORDER DECLINING SERVICE

Plaintiff Kevin Dewayne Taylor, Jr., proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has failed to state a claim upon which relief can be granted, but provides Plaintiff leave to file an amended pleading by September 18, 2026, to show cause or cure the deficiencies identified herein.

**I. Background**

Plaintiff, a prisoner in the custody of the Washington State Department of Corrections ("DOC"), alleges James Hunter, an employee of the Seattle Housing Authority, coerced

Plaintiff's wife to lie about facts that kept him in jail. Dkt. 7. Plaintiff also names Anne Keeney, Hunter's supervisor, and the City of Seattle as defendants. *Id.*

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

Plaintiff's Complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

### A. <u>Heck Bar</u>

In the Complaint, Plaintiff alleges his due process rights were violated when Defendant Hunter advised Plaintiff's wife to provide false statements to keep Plaintiff in jail while he was awaiting arraignment. Dkt. 7. Plaintiff states his wife told Defendant Hunter her statements were false and Defendant Hunter did not do anything about it. *Id*. He also states the complaining witness testified at trial that Defendant Hunter coerced her into making false statements. *Id*. Based on these allegations, the Court finds Plaintiff's conviction would be invalidated if he were to prove the allegations in the Complaint. Thus, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S 477 (1994).

A plaintiff may only recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by actions whose unlawfulness would render the

imprisonment invalid, if he can prove the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. A "§ 1983 action is barred (absent prior invalidation) –no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to the conviction or internal prison proceedings) –*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Here, Plaintiff's allegations appear to relate to his ultimate conviction. *See* Dkt. 1. He alleges his rights were violated when Defendant Hunter coerced Plaintiff's wife to lie to keep Plaintiff in jail. If Plaintiff proves Defendant Hunter coerced Plaintiff's wife to lie, the underlying charges could be invalidated. Thus, if the Court were to grant Plaintiff the relief requested in the Compliant his underlying conviction could be invalidated.

As Plaintiff's allegations appear to amount to an attack on the constitutional validity of his underlying conviction, the Complaint may not be maintained under § 1983 unless Plaintiff can show the conviction has been invalidated. *See Heck*, 512 U.S. at 486-87; *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003). Plaintiff does not allege his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. As Plaintiff does not provide evidence that a conviction arising from this incident has been reversed and as the validity of any conviction would be called into question if Plaintiff were to prove the facts of this case, his claim is barred by *Heck*. Therefore, Plaintiff must also show cause why the Complaint should not be dismissed as *Heck* barred.

B. Failure to State a Claim

The Court also finds Plaintiff has failed to state a claim upon which relief can be granted in the Complaint.

Plaintiff sued Defendant Keeney because she is Defendant Hunter's supervisor. Dkt. 7. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633.

Here, Plaintiff has provided only a sweeping conclusory allegation against Defendant Keeney. *See* Dkt. 7. Plaintiff has alleged Defendant Keeney is liable purely because she is Defendant Hunter's supervisor. This is insufficient to state a claim under § 1983. Therefore, Plaintiff must show cause why Defendant Keeney should not be dismissed for failure to state a claim.

Finally, Plaintiff named the City of Seattle as a Defendant in the caption of the Complaint, but the Complaint contains no allegations against the City of Seattle. *See* Dkt. 7. As the Complaint contains no allegations against the City of Seattle, Plaintiff must show cause why the City of Seattle should not be dismissed for failure to state a claim.

## III. Instruction to Plaintiff and the Clerk

Because of the deficiencies identified above, the Court declines to direct Plaintiff's complaint be served on Defendants. Plaintiff is directed to show cause why this case should not be dismissed. In the alternative, Plaintiff is granted leave to file an amended complaint curing the noted deficiencies on or before **September 18, 2026**. Plaintiff must ensure that the amended complaint carries the same case number as his original complaint. If Plaintiff fails to timely respond to this Order, the Court will recommend that this action be dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is advised that an amended pleading operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing H*al Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended)). Thus, any amended complaint must clearly identify each intended Defendant, the constitutional claim(s) asserted against each Defendant, the specific facts which Plaintiff believes support each claim, and the specific relief requested. Further, attachments to an amended complaint will not be considered in analyzing whether the amended complaint states a claim.

The Clerk is directed to send Plaintiff the appropriate forms so that Plaintiff may file an amended complaint.

Dated this 17th day of August, 2026.

David W. Christel
United States Magistrate Judge